IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KEVIN J. WISE                                                                      PETITIONER

V.                                      4:01CR0152-2
                                        4:07CV00385

UNITED STATES OF AMERICA                                                           RESPONDENT

## ORDER

On April 30, 2003, Petitioner, Kevin Wise, was convicted by a jury on four counts of aiding and abetting false or fraudulent claims involving Medicare and was acquitted of a conspiracy count that encompassed 2,568 claims. The counts of conviction involved false claims totaling $4,200; but he was held responsible for the $841,276 total loss claimed by the government. This amount of loss resulted in an eleven level increase in the base offense level for sentencing. On February 2, 2004, the Court sentenced the Petitioner to 30 months imprisonment; 3 years supervised release; $6,000 fine and a $400 special assessment.

The United States appealed the sentence arguing that the Court improperly granted a two level reduction for acceptance of responsibility. The Petitioner appealed his conviction and sentence. On appeal the Petitioner argued that there was insufficient evidence to support the Court's use of relevant conduct involving the acquitted claims to increase his offense level. He also argued that his sentence was unconstitutional in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005). On July 5, 2005, the Eighth Circuit Court of Appeals affirmed the Petitioner's conviction but vacated the sentence and remanded for re-sentencing after concluding that it was clear error to find that Wise accepted

responsibility.  The Court of Appeals specifically found that there was sufficient evidence to support the Court's use of relevant conduct to enhance the Petitioner's sentence.  *United States v. Patient Transfer Service, Inc.*, 413 F. 3d 734, 746 (8th Cir. 2005).    On March 8, 2006 the Court re-sentenced the Petitioner to thirty-seven months in the Bureau of Prisons.  All other conditions of his previous sentence remained in effect.

Currently pending before the Court is Petitioner's motion filed pursuant to 28 U.S.C. § 2255 arguing that the use of the acquitted conduct to enhance his offense level violated his constitutional rights; and, that he was denied effective assistance of counsel when his trial counsel failed to make a constitutional challenge to the use of the acquitted conduct and when his counsel advised him that he had no appealable issue that could be brought to the Supreme Court or that could be raised following re-sentencing.

Before analyzing Petitioner's claims for habeas relief, the Court must address Respondent's threshold argument that this habeas action was filed outside of the applicable statute of limitations.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and 28 U.S.C. § 2255 have an explicit one-year statute of limitations.  The one-year period of limitations runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255.

Pursuant to this statutory language, the Petitioner had one year from the date on which his conviction became final to file his motion. The judgment of conviction becomes final when the time for filing a direct appeal expires. *See United States v. Spry, 2008 WL 41063* (10th Cir.2008); "Fed. R.App. P. 4(b)(1)(A)(i) (notice of appeal must be filed within ten days after the entry of judgment); 4(b)(6) (judgment is entered when it is entered on the criminal docket); 26(a)(2) (excluding intermediate Saturdays, Sundays or legal holidays if the period is less than eleven days). He thus had one year from that date in which to file a motion for relief under § 2255." *Id*. at 2 n.1. The amended and substituted judgment was entered March 30, 2006, Petitioner had up to and including April 13, 2007 in which to file his petition. Accordingly, Petitioner's petition was timely filed.

Petitioner argues that the use of the acquitted conduct to enhance his offense level violated his constitutional rights. On appeal, the Petitioner argued that there was insufficient evidence to support the Court's use of relevant conduct, involving the acquitted claims, to increase his offense level. Petitioner also argued that his sentence was unconstitutional in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005). The Court of Appeals considered these arguments and found sufficient evidence to support the use of the relevant conduct and denied the request for remand in light of *Booker*. Issues that were raised and decided on direct appeal cannot be re-litigated in a motion to vacate pursuant to Section 2255. *United States v. Wiley*, 245 F. 3d 750 (8th Cir. 2001). Additionally, the Court finds the sentence imposed on re-sentencing reasonable. The Court considered the appropriate 18 U.S.C. §3553 factors, looked to the guidelines as advisory and sentenced the

Petitioner to the low end of the guideline range. *See, United States v. O'Malley*, 425 F.3d 492 (8th Cir. 2005) ( *Booker* does not preclude a court from determining sentencing enhancements).

To obtain relief on his ineffective assistance of counsel claim, petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *See, Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To establish ineffective assistance of counsel under *Strickland* petitioner must prove that his attorney's performance was deficient, overcoming the strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance." *Id*. at 689. Petitioner must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different. *Id*. at 694.

Petitioner fails to state any facts which would support his assertion that he had ineffective assistance of counsel when his trial counsel allegedly failed to make a constitutional challenge to the use of the acquitted conduct and advised him that he had no appealable issue that could be brought to the Supreme Court or that could be raised following re-sentencing. Petitioner's counsel argued to the district court that the use of the acquitted conduct to enhance the Petitioner's sentence was improper, the issue was raised on appeal and the Court of Appeals found no plain error in the sentencing. Further, during re-sentencing the Court considered the appropriate 18 U.S.C. §3553 factors, looked to the sentencing guidelines as advisory and sentenced the Petitioner to the low end of the guideline range. Petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness or that but for his counsel's errors, there is a reasonable probability that the result of the proceeding would have

been different.

Petitioner is not entitled to an evidentiary hearing if the allegations in his motion, the files, and the records of the case, "accepted as true, would not entitle [him] to relief, or ... the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).  A "claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based. " *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994).   Based upon the record, the Court finds that Petitioner is not entitled to an evidentiary hearing and his arguments fail for the reasons set forth herein.

For the reasons stated above, Petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,(docket # 492), is denied .

IT IS SO ORDERED this 7th day of February, 2008.

_____
James M. Moody
United States District Judge